IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM TIRADO, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | No. 09-CV-814 |
| | : | |
| MICHAEL D. KLOPOTOSKI, et al., | : | |
|     Respondents | : | |

## REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                                              October 30, 2009
U.S. MAGISTRATE JUDGE

    Petitioner William Tirado, a prisoner at the State Correctional Institution in Dallas, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I respectfully recommend Tirado's claims be DENIED with prejudice as meritless.

## FACTUAL AND PROCEDURAL HISTORY

    On January 25, 2003, Tirado pled guilty to aggravated assault and burglary. See Notes of Testimony at 7-19, Commonwealth v. Tirado, No. 1081/2003 (Ct. Com. Pl. Lehigh Nov. 25, 2003). The trial judge advised Tirado he could be sentenced to a maximum of twenty years imprisonment. Id. at 19.

    On January 15, 2004, Tirado appeared for sentencing. See Notes of Testimony at 1, Commonwealth v. Tirado, No. 1081/2003 (Ct. Com. Pl. Lehigh Jan. 15, 2004) [hereinafter Tr. Sentencing]. Defense counsel disputed portions of the presentence report, specifically the existence of certain convictions, the length of prior incarceration, and information regarding Tirado's family. Id. at 6-8. In an effort to mitigate Tirado's sentence, defense counsel offered

1

medical documents establishing Tirado received an injection of "Proxilin Dec"[1] on the morning of the crime. Id. at 8-11.

The court sentenced Tirado to five-to-ten years for the aggravated assault concurrent with ten-to-twenty years for the burglary, pursuant to the plea agreement. Id. at 17. Although the sentencing guidelines suggested a two-to-six year sentence, the court found Tirado's extensive criminal history, 37 arrests and 17 convictions, his failure to rehabilitate, and the need for deterrence, mandated a departure from the guidelines. Id. at 12, 15-18. The court noted that, but for the plea agreement, the sentences would have run consecutively. Id. at 17.

Tirado filed a motion for reconsideration on January 26, 2004, which was denied. See slip op. at 5-10, Commonwealth v. Tirado, No. 10801/2003 (Ct. of Com. Pl. Lehigh June 22, 2004). Tirado appealed, claiming the trial court abused its discretion during sentencing. See slip. op. at 2, Commonwealth v. Tirado, No. 372 EDA 2004 (Pa. Super. Ct. March 3, 2005). The Superior Court affirmed on March 3, 2005. Id. at 11.

On June 7, 2005, Tirado filed a timely pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. See slip op. at 3, Commonwealth v. Tirado, No. 1081/2003 (Ct. of Com. Pl. Lehigh June 27, 2006) [hereinafter PCRA I]. In his petition, Tirado primarily alleged ineffective assistance of counsel because trial counsel failed "to properly develop and present mental health issues." PCRA I at 4-5.

On June 9, 2005, Tirado was appointed PCRA counsel. Id. at 4. On November 18, 2005, the attorney filed a motion to withdraw, stating the petition was meritless. Id. Counsel's motion

---

[1] Proxilin Decanoate is a brand name of Fluphenazine, an anti-psychotic medication. MEDLINEPlus, http://www.nlm.nih.gov/medlineplus (search "Fluphenazine"; then follow "Fluphenazine" hyperlink).

to withdraw was granted.  Id.

Tirado proceeded without counsel, and a PCRA hearing was held on November 21, 2005 to address Tirado's ineffective assistance of counsel claim.  See Notes of Testimony at 4-5, Commonwealth v. Tirado, No. 1081/2003 (Ct. of Com. Pl. Lehigh Nov. 21, 2005) [hereinafter Tr. Nov. 12, 2005].  Tirado testified that before sentencing, he was supposed to receive a mental health evaluation, but trial counsel canceled it and never raised Tirado's history of mental illness.  Id. at 6-7.

At the PCRA hearing, Tirado's trial counsel explained her reasons for canceling the mental health evaluation.  Id. at 17-24.  Trial counsel stated Tirado had no viable insanity defense, nor could he plead guilty but mentally ill because Tirado had demonstrated knowledge of the law and the ability to conform to lawful behavior.  Id. at 17-18.  In a conversation with the co-defendant's attorney, Tirado's trial counsel said, he had advised the co-defendant on the day of the burglary that if caught, Tirado would "get off" due to his mental illness and his anti-psychotic drug injection.  Id. at 20.  Tirado's trial counsel, therefore, canceled the mental health evaluation to foreclose any use of the co-defendant's testimony.  See id.  Trial counsel feared if the court discovered Tirado's plan to evade prosecution through his mental illness, it would be "very angry" and Tirado's credibility would suffer.  Id.

Tirado's trial counsel also described her efforts to contact the doctor who administered the injection the morning of the incident.  Id. at 21-24.  Before sentencing, trial counsel visited two clinics where the doctor previously worked, drove to his home without success, and placed a subpoena in his mailbox.  Id. at 21.  After learning the doctor was unavailable to testify, trial counsel and the prosecutor stipulated to the contents of the medical documents, and evidence of

the injection was introduced at the sentencing hearing.  Id. at 22-24; Tr. Sentencing at 8-11.

On June 26, 2006, Tirado's PCRA petition was dismissed as meritless.  PCRA I at 12. On July 13, 2006, Tirado filed a pro se notice of appeal to the Pennsylvania Superior Court.  See slip op. at 2, Commonwealth v. Tirado, No. 10801/2003 (Ct. of Common Pleas Lehigh Nov. 21, 2007) [hereinafter PCRA II].

On December 10, 2006, however, the trial judge wrote a letter to the Superior Court, requesting the case be remanded.  Id. at 2.  The judge had mistakenly granted appointed PCRA counsel's motion for withdrawal in violation of Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 520 A.2d 213 (Pa. Super. Ct. 1988).  The Superior Court relinquished jurisdiction and remanded the case for reassignment of PCRA.  PCRA II at 2. PCRA counsel filed an amended PCRA petition, claiming  trial counsel was ineffective when canceling the mental health evaluation.  Id. at 11-13.

Another PCRA hearing was held on May 3, 2007, where Tirado's trial counsel reiterated her reasons for canceling the mental health evaluation.  See Notes of Testimony at 50-53, Commonwealth v. Tirado, No. 1081/2003 (Ct. of Com. Pl. Lehigh May 3, 2007).  On November 21, 2007, Tirado's PCRA petition was again denied as meritless.  PCRA II at 13.

Tirado appealed to the Superior Court.  See slip op. at 1,  Commonwealth v. Tirado, No. 3400 EDA 2007, (Pa. Super. Ct. Nov. 19, 2008) [hereinafter PCRA Super. Ct.].  The Superior Court affirmed, finding Tirado's ineffectiveness assistance of counsel claim meritless.  Id. at 12.

On February 5, 2009, Tirado filed this timely pro se federal habeas corpus petition, raising the single claim of ineffective assistance of trial counsel for canceling the mental health evaluation and for failing to otherwise raise issues of Tirado's mental health.  See Petition for

Writ of Habeas Corpus, Commonwealth v. Tirado (E.D. Pa. Feb. 5, 2009) [hereinafter Petition].

**DISCUSSION**

    I.    <u>Meritless Claim</u>

State court decisions merit substantial deference. <u>See</u> 28 U.S.C. § 2254(d)(1). A writ of habeas corpus cannot be granted unless I find the state court's adjudication of the merits of Tirado's claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,] or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). I must presume the state court's findings of fact are correct and Tirado must rebut that presumption of correctness by clear and convincing evidence. <u>See</u> § 2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340-41 (2003); <u>Porter v. Horn</u>, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003) (Kelly, S.J.).

To constitute an "adjudication on the merits," the state court decision must have "preclusive effect," i.e., it must finally resolve the claim on its merits, not on a procedural or other ground. <u>Thomas v. Horn</u>, 570 F.3d 105, 115 (3d Cir. 2009) (citing <u>Rompilla v. Horn</u>, 355 F.3d 233, 247 (3d Cir. 2004)).[2]

A state court ruling is "contrary to" clearly established Supreme Court precedent for the purposes of § 2254(d)(1) "if the state court applies a rule that contradicts the governing law set

---

[2] If a PCRA court decides a claim on the merits, but the Superior Court dismisses the claim on procedural grounds, the trial court decision does not constitute an adjudication on the merits. <u>See</u> <u>Thomas</u>, 570 F.3d at 114-15. The Superior Court's dismissal of the claim on procedural grounds "strip[ped] the PCRA court's substantive determination of [the] claims of preclusive effect." <u>Id.</u> at 115. Where a claim has not been adjudicated on the merits in state court proceedings, "the federal habeas court must conduct a de novo review." <u>Id.</u> at 113.

forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Jamison v. Klem, 544 F.3d 266, 274-75 (3d Cir. 2008).  The state court judgment must contradict clearly established decisions of the Supreme Court, not merely law articulated by any federal court.[3]  Williams, 529 U.S. at 404-05; see Knowles v. Mirzayance, 129 S.Ct. 1411, 1419 (2009).  The state court is not required to cite or even have an awareness of governing Supreme Court precedent "so long as neither the reasoning nor the result of [its] decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); Jamison, 544 F.3d at 274-75.

A state court decision constitutes an "unreasonable application" of Supreme Court precedent if it identifies the correct governing legal rule from Supreme Court cases, but "unreasonably applies it to the facts of the particular prisoner's case."  Williams, 529 U.S. at 407-08; Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887).  When making the "unreasonable application" inquiry, I must determine "whether the state court's application of clearly established federal law was objectively unreasonable."  Williams, 529 U.S. at 409; see also Matteo, 171 F.3d at 891 ("whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under [Supreme Court precedent]").  A court that unreasonably extends an established rule to a new context where it should not apply, or unreasonably fails to extend such a rule to a new context where it should apply, may be deemed to have unreasonably applied the correct rule.  Williams, 529 U.S. at 407;

---

[3] District court and appellate court decisions applying Supreme Court precedent, however, may amplify Supreme Court precedent.  Hardcastle v. Horn, 368 F.3d 246, 256 n.3 (3d Cir. 2004) (citing Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999)).

Jamison, 544 F.3d at 275 (quoting Matteo, 171 F.3d at 887).  "[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]."  Knowles, 129 S.Ct. at 1413.

A showing of clear error is not sufficient.  Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); see also Douglas v. Cathal, 456 F.3d 403, 417 (3d Cir. 2006) (grant of writ inappropriate where state determination was not objectively unreasonable, even where reasonable jurists may disagree about the correct disposition of the underlying claim).  I also may not grant habeas relief "merely . . . because the state court applied federal law erroneously or incorrectly."  Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (quoting Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005)).  Rather, I must determine whether the state court's "determination was unreasonable – a substantially higher threshold."  Knowles, 129 S.Ct. at 1420 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

Tirado raises a single claim of ineffective assistance of counsel, alleging trial counsel ineffectiveness for failing to raise a mental health defense.[4]

Clearly established federal law governing ineffectiveness claims is set forth in the two-part test of Strickland v. Washington, 466 U.S. 668 (1984); see Bell v. Cone 535 U.S. 685, 698 (2002); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).  "First, the defendant must show counsel's performance was deficient," which requires showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth

---

[4] In his petition, Tirado also suggests PCRA counsel was ineffective for attempting to withdraw and for failing, at least initially, to raise claims related to the mental health issue.  See Petition at 2.  Ineffectiveness of PCRA counsel is not a cognizable claim under the Anti-Terrorism and Effective Death Penalty Act.  28 U.S.C. § 2254(i).

7

Amendment." Strickland, 466 U.S. at 687. "Second, the defendant must show the deficient performance prejudiced the defense," which requires showing counsel's "errors were so serious as to deprive the defendant of a fair trial." Id.; see generally Outten v. Kearney, 464 F.3d 401, 414 (3d Cir. 2006); Varner, 428 F.3d at 499. "Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687. Pennsylvania applies the same test for ineffective assistance of counsel as the Strickland test used in federal courts.[5] Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000); Sneed, 899 A.2d at 1075-76.

      Counsel's effectiveness is measured objectively considering all the circumstances. See Strickland, 466 U.S. at 687-88. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Knowles, 129 S.Ct. at 1420 (quoting Strickland, 466 U.S. at 688). In evaluating counsel's performance, I must be "highly deferential" and "indulge a strong presumption" that counsel's challenged actions might be considered sound strategy under the circumstances. Strickland, 466 U.S. at 689; accord Knowles, 129 S.Ct. at 1420. "Strickland and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better." Rolan v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing Strickland, 466 U.S. at 689). A strategic choice "made after thorough investigation of law and facts relevant to plausible options are

---

[5] In Pennsylvania, the ineffective assistance of counsel standard requires the petitioner to "rebut the presumption of professional competence" by demonstrating: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). If the petitioner fails to satisfy any of the standard's prongs the claim will be rejected. Id.

virtually unchallengeable." Knowles, 129 S.Ct. at 1420 (quoting Strickland, 466 U.S. at 690). The relevant inquiry is not whether Tirado's counsel was prudent, appropriate, or perfect. Burger v. Kemp, 483 U.S. 776, 794 (1987); see Marshall v. Hendricks, 307 F.3d 36, 91 (3d Cir. 2002). Rather, the focus is simply to ensure Tirado received a fair trial. See Marshall, 307 F.3d at 91.

To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Knowles, 129 S.Ct. at 1422 (quoting Strickland, 466 U.S. at 694).

Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas." Yarborough v. Gentry, 540 U.S. 1, 6 (2003). Therefore, if the state court addressed counsel's effectiveness, Tirado must show the state court's decision was objectively unreasonable. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 698-99. Tirado, therefore, must do more than show he would have satisfied Strickland if his claims were being analyzed here in the first instance.

The state courts' conclusion that Tirado's counsel ineffectiveness claim lacked merit was not contrary to, nor an unreasonable application of Supreme Court precedent.[6] The PCRA court found the counsel ineffectiveness claim meritless, concluding the decision to forgo a mental

---

[6] The Superior Court did not cite case law when it analyzed Tirado's ineffectiveness claim. See PCRA Super. Ct. at 10-12. The failure to enunciate a legal standard, however, does not prevent me from analyzing the reasonableness of the state court's decision. See Packer, 537 U.S. at 8 (it is not necessary that the state court cite, or even be aware of the governing Supreme Court precedent); see also Wiggins v. Smith, 539 U.S. 510, 520-221 (2003) (the focus of the "unreasonableness" prong is the manner in which the state court applied the governing legal principle); Varner, 428 F.3d at 497.

health evaluation did not prejudice Tirado.  PCRA I at 10.  The PCRA judge noted "comprehensive information" regarding Tirado's mental history was available at sentencing, including the medical documents offered by trial counsel.  Id. at 11.  The PCRA court held Tirado cannot establish prejudice due to a lack of information when the same information was present and considered, "although not in the form the defendant now wants."  Id.

The Superior Court affirmed the PCRA court's decision and concluded Tirado's trial counsel was not deficient when canceling the mental health evaluation.  PCRA Super. Ct. at 11-12.  The Superior Court noted Tirado's trial counsel knew the co-defendant planned on testifying against Tirado at sentencing, and this testimony would directly undermine Tirado's ability to pursue a mental health defense.  Id. at 11.  More specifically, the co-defendant would state, prior to the burglary, Tirado planned on using his mental illness to elude prosecution.  Id.; Tr. Nov. 12, 2005 at 6-7.  As the Superior Court observed, "in addition to possibly being viewed as contemptuous, [Tirado's] plan . . . would tend to prove that [Tirado] possessed more than adequate mental functioning and rebut any defense value [his] mental problems would provide."  PCRA Super. Ct. at 12.  The Superior Court concluded counsel's decision to forgo a mental health evaluation was not only reasonable, but probably the best decision under the circumstances.  See id.

The state courts' decision that Tirado's counsel ineffectiveness claim lacked merit was not contrary to, nor an unreasonable application of Supreme Court precedent.  It was not objectively unreasonable to reject Tirado's ineffectiveness claim because the state court found trial counsel made a reasonable strategic choice to forgo a mental health examination and avoid damaging testimony from the co-defendant.  See Williams, 529 U.S. at 407; Rolan, 445 F.3d at

681-82 (habeas court will not second guess trial counsel's strategic choices).  It also was not contrary to Supreme Court precedent to find Tirado was not prejudiced by the cancellation of the mental health examination because the sentencing judge had access Tirado's mental history and considered it during sentencing.  See Strickland, 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence.").  Accordingly, this claim lacks merit.

    II.    Tirado's Additional Requests

        A.    Discovery Request

Tirado makes a generic request for discovery of all transcripts and paperwork related to his case.  See Petition at 10.  Tirado also asks for Department of Corrections records pertaining to his mental health.  Id.  For the following reasons, these requests should be denied.

A habeas petition is not entitled to discovery as a matter of ordinary course.  See 28 U.S.C. § 2254 Rule 6 [hereinafter Rule 6]; Steward v. Grace, 362 F. Supp. 2d 608, 622 (E.D. Pa. 2005) (Rufe, J.).  A court may grant a discovery request upon a showing of "good cause."  See 28 U.S.C. § 2254 Rule 6.  Good cause is defined as the ability to demonstrate with "'specific allegations'" the petitioner is entitled to habeas relief.  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)); see also Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.1994) (granting discovery request is not appropriate unless the petitioner has alleged specific facts supporting each ground for habeas relief).

Tirado fails to establish good cause for discovery.  Tirado does not demonstrate how the requested paperwork and transcripts would entitle him to relief on his counsel ineffectiveness claim.  Although Tirado mentions the need "to substantiate his mental health claim," the medical

records would not establish the ineffectiveness of his trial counsel.  See Petition at 10.  The basis for trial counsel's decision was not the content of Tirado's mental history, but statements Tirado made to his co-defendant that obviate the impact of a mental health defense.  PCRA Super. Ct. at 12; Tr. Nov. 12, 2005 at 6-7.  Tirado also cannot establish good cause because the trial judge had access to Tirado's mental history and considered it during sentencing.  PCRA I at 10-11. Therefore, Tirado cannot establish the requested discovery would entitle him to habeas relief.

        B.      Appointment of Counsel Request

Tirado also requests the appointment of habeas counsel.  See Petition at 10.  There is no constitutional right to counsel during a habeas corpus proceeding.  Coleman v. Thompson, 501 U.S. 722, 725 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992).  Appointment of habeas counsel is appropriate, however, when the petitioner has presented a colorable claim but lacks the necessary resources to develop and present it. Reese, 946 F.2d at 263-64; Miller v. Nish, 2009 WL 982658, at *6 (E.D. Pa. Apr. 13, 2009) (Bartle, J.).  Because Tirado's ineffectiveness claim lacks merit, appointing counsel is unnecessary and his request for appointment of counsel should be denied.

Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 30th day of October, 2009, it is respectfully recommended that the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[7] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[7] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.