IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM LICIAGO TIRADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL D. KLOPOTOSKI, et al. | : | NO. 09-814 |

ORDER

AND NOW, this 18th day of February, 2010, upon consideration of William Liciago Tirado's petition for writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 1), the defendants' response thereto (docket entry # 8), the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (docket entry # 9), and Tirado's objections thereto (docket entry # 10), and the Court finding that:

(a) In Tirado's petition, he claims that his trial counsel, Maureen Coggins, was ineffective for "failing to pursue a mental health (incompetence) defense" and choosing to not have a mental health evaluation performed for Tirado, even though the trial court had approved Coggins's request for the evaluation,[1] Pet. at continuation of Page 8;

(b) Tirado also contends that his guilty plea "was unlawfully induced or not made voluntarily with understanding of

---

[1] The trial court approved Coggins's motion to withdraw her request for a psychological evaluation in an Order dated November 12, 2003.

the nature of the charge and the consequences of the plea," Pet. at 8;

(c) Although Tirado is somewhat unclear on this point, he appears to argue not only that Coggins unreasonably abandoned valid mental health defenses but also that he was incompetent to enter his guilty plea on November 25, 2003, see Pet. at continuation of page 8 ("If Petitioner was incompetent during either the actual commission of the crime or the plea of guilty thereto; then the proceedings, which occurred afterward are void ab initio to either the plea or the commission of the crime. Petitioner's plea was unknowing, involuntary, uninformed and was unlawfully induced.");

(d) Tirado conflates mental health defenses with incompetence when he claims that Coggins "was ineffective in failing to pursue a mental health (incompetence) defense" -- and indeed he presents both issues in one "Ground" of his petition, see Pet. at 8 -- but they are distinct legal concepts;

(e) We will first address Tirado's claim for ineffective assistance of counsel regarding Coggins's decision to not pursue mental health-related defenses (the "Defense Issue");

(f) We will then discuss Tirado's claim that he was incompetent at the time of his guilty plea (the "Competency Issue")[2];

(g) In Judge Rice's Report and Recommendation ("R&R"), he rejects Tirado's Defense Issue, and after a careful and independent review of the record, we agree with Judge Rice's analysis and will adopt his R&R as to this claim;

(h) In Tirado's objections, he contends that once the trial court approved the motion for the mental health evaluation, his counsel and the trial court were obligated to have the evaluation done, but he does not cite -- and we are not aware of -- any legal authority for that conclusion;

(i) The Pennsylvania statutes that Tirado references provide, among other things, the steps to be followed in conducting a competency examination and require the trial court to

---

[2] In Tirado's objections, and for the first time in our Court, he mentions issues related to his sentencing. He claims, for example, that although the sentencing judge was aware of some of his medical and mental health history, a contemporary mental health evaluation "may have also mitigated his sentence." Objections at 10. But as with his arguments regarding the Competency Issue, he does not give any factual basis for this contention. If he indeed intended to raise sentencing issues, despite the fact that he omitted them from his petition, he fails to "state the facts supporting each ground" as Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts obliges him to do.

find that a defendant is incompetent "where incompetency is established by a preponderance of the evidence," 50 P.S. § 7401, et seq.;

(j) But those provisions do not prohibit a lawyer from withdrawing a motion for a psychological evaluation or a court from vacating an order for that evaluation, as happened here;

(k) We agree with Judge Rice's analysis of this issue and conclude, as he did, that Tirado has not met the burden that 28 U.S.C. § 2254(d) imposes on him regarding the Defense Issue;

(l) Judge Rice does not address Tirado's claim that he was incompetent to plead guilty, so we will discuss that issue here at some length;

(m) As an initial matter, Tirado may not have exhausted this claim in the Commonwealth because he included it in his first pro se petition for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") but not in his counseled amended PCRA petition;

(n) In that amended petition, Tirado did not mention his competence to plead guilty but only claimed that his counsel was ineffective "for cancelling the mental health examination thus denying him of a potential expert to assist at the time of

4

sentencing," Am. Pet. for Post-Conviction Relief at ¶ 11(c) (emphasis added);

(o) Because his amended PCRA petition did not include his claim of incompetency at the time of his guilty plea, the Superior Court of Pennsylvania did not have the opportunity to rule on this issue, as is required for Tirado to exhaust this claim, see Boyd v. Waymart, 579 F.3d 330, 368 (3d Cir. 2009) (a § 2254 petitioner from Pennsylvania was not required to appeal his PCRA petition to the Pennsylvania Supreme Court and exhausted claims that he presented to the Pennsylvania Superior Court)[3];

(p) But even if Tirado has not exhausted this claim in the Commonwealth, we may deny it if the claim is meritless, 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Carrascosa v. McGuire, 520 F.3d 249, 255 n.10 (3d Cir. 2008) ("There is, however, a difference between granting an unexhausted habeas claim on the merits and denying such a claim on the merits . . . . Denying an unexhausted claim on the merits is

---

[3] We also note that in Tirado's § 2254 petition, he only mentions the Commonwealth court denials of his amended PCRA petition and does not reference his original pro se PCRA petition. See Pet. at 5-6.

5

consistent with the statute [28 U.S.C. § 2254(b)(2)]."); <u>Gattis v. Snyder</u>, 278 F.3d 222, 237-8 (3d Cir. 2002) (declining to remand an unexhausted claim to the District Court because that claim was meritless);

    (q) To be sure, an incompetent defendant may not be subjected to trial or plead guilty, see <u>Drope v. Missouri</u>, 420 U.S. 162, 171 (1975), and "an attorney would render ineffective assistance of counsel if he or she failed to inquire into a defendant's competency and failed to request a competency hearing, despite indicia of incompetence that would provide reasonable counsel 'reason to doubt' the defendant's ability to understand the proceedings, communicate with counsel, and assist in his own defense," <u>Jermyn v. Horn</u>, 266 F.3d 257, 300 (3d Cir. 2001) (affirming District Court's determination that counsel was <u>not</u> ineffective for failing to seek a competency hearing or evaluation);

    (r) But Tirado must also show that "there is a reasonable probability that [he] would have been found incompetent to stand trial had the issue been raised and fully considered," <u>id.</u> at 283[4];

---

[4] Under Pennsylvania law, Tirado would have been
(continued...)

(s) In his objections, Tirado claims that "he may have pled guilty while incompetent" and that his plea was "possibly incompetent," Objections at 9, but those unsupported contentions do not come close to showing that there is a reasonable probability that he would have been found incompetent;

(t) Indeed, in Tirado's petition and objections he has provided us with no facts to support a conclusion that there is a reasonable probability that he would have been found incompetent to plead guilty on November 25, 2003;

(u) Tirado has only given us a psychiatric evaluation dated October 11, 2002 -- more than a year before his guilty plea -- and notes about appointments regarding his medication later that month, see Initial Psychiatric Evaluation and Psychosocial Assessment, Pet. Ex. B[5];

(v) It is uncontested that Tirado has suffered from mental illness, but the psychiatric evaluation from October of

---

[4] (...continued)
incompetent if he was "found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense." 50 P.S. § 7402(a).

[5] The Initial Psychiatric Assessment and the handwritten notes on its second page are legible. Much of the Psychosocial Assessment is illegible, but the important fact for our purposes here -- that it was dated on October 11, 2002 -- is clear on all three pages of the document.

7

2002 does not provide us with any facts from which we could conclude that there is a reasonable probability that he would have been found incompetent to plead guilty more than a year later;

(w) Tirado complains that his counsel's decision to withdraw her request for a mental health evaluation deprived him of evidence from a mental health professional regarding his mental state at a time contemporaneous with his guilty plea;

(x) But even without this evidence, Tirado <u>could</u> have pled -- but did <u>not</u> plead -- facts to support his allegation that he was not competent to plead guilty[6];

(y) There is, moreover, nothing in the Notes of Testimony of Tirado's guilty plea hearing to suggest that he had any difficulty following the proceedings or was impaired on that day in any way[7];

---

[6] For example, he could have described his mental state on the day of the guilty plea hearing or offered others' observations regarding that issue.

[7] Tirado stated that he was "under psychiatric treatment" at that point. <u>Commonwealth v. Tirado</u>, No. 1081 of 2003, Notes of Testimony, Guilty Plea Hearing (incorrectly labeled "Sentencing hearing"), Nov. 25, 2003, Court of Com. Pl. of Lehigh County, Penn., at 9 (hereinafter "Guilty Plea Hearing N.T."). But Tirado agreed that he was "alert and underst[ood] what's happening" at the hearing. <u>Id.</u> Just because one is "under psychiatric treatment" does <u>not</u> mean that one is incompetent.

(z) Because Tirado has failed to plead any facts that would support his claim that there is a reasonable probability that he would have been found incompetent to plead guilty, we will deny his petition as to the Competency Issue[8];

---

[8] In Tirado's objection to the R&R, he cites <u>Hummel v. Rosemeyer</u>, 564 F.3d 290 (3d Cir. 2009), to demonstrate that it is <u>possible</u> for counsel to be ineffective in the § 2254 context for failing to have a competency evaluation done. This is undoubtedly true. Because Tirado has offered no facts to support the Competency Issue, it is somewhat challenging to compare the facts in <u>Hummel</u> with those that could potentially be at issue here. The most we can say is that Tirado has not pled facts that are anywhere <u>close</u> to those in <u>Hummel</u>.

For example, Edward Hummel was "missing a portion of his brain after a self-inflicted gunshot wound." <u>Id.</u> at 291. Tirado has produced no evidence that he was suffering from similarly obvious brain trauma. Our Court of Appeals found that Hummel's trial counsel was constitutionally ineffective when he stipulated that Hummel was competent to stand trial without <u>ever</u> meeting Hummel and while knowing that Hummel's parents believed he was incompetent. <u>Id.</u> at 291-2. Counsel in <u>Hummel</u> did not, moreover, inform the trial judge of the parents' concerns regarding his competency. <u>Id.</u> at 292. In Tirado's case, counsel and the trial court were aware of Tirado's mental health issues.

Hummel's trial went forward without his counsel ever discussing with him "his recollection of the shooting, his reasons for the shooting, and his state of mind." <u>Id.</u> at 293. Tirado himself confirmed that he spoke with Coggins and was satisfied with her representation. Guilty Plea Hearing N.T. at 9. Trial counsel in <u>Hummel</u> was also concerned that Hummel could not focus on the trial but never noted this for the record, and counsel also failed to inform the judge that he could not summon Hummel from slumber to hear the jury instructions. <u>Id.</u> Tirado does not claim that Coggins was similarly neglectful.

Our Court of Appeals held in <u>Hummel</u> that "the <u>combination</u> of" these and other errors led to the conclusion that Hummel's counsel was ineffective in stipulating to his

(continued...)

(aa) For the record, however, we will amend Judge Rice's R&R to state that Tirado pled guilty on November 25, 2003, not January 25, 2003, see R&R at 1;

(bb) Tirado has also requested the appointment of counsel and moved for discovery;

(cc) Because we will deny Tirado's § 2254 petition, and as we agree with Judge Rice's analysis of these issues, we will deny Tirado's request for counsel and motion for discovery;

It is hereby ORDERED that:

1. The Report and Recommendation is AMENDED to replace the text "On January 25, 2003" on page 1 with "On November 25, 2003";

2. The Report and Recommendation (docket entry # 9) is APPROVED and ADOPTED as just amended in the preceding Paragraph with respect to the issues Judge Rice addresses therein;

---

[8] (...continued)
competency. Id. at 302 (emphasis added). It held that Hummel's lawyer should have at least requested the trial court to use its discretion to order a competency evaluation.
  Again, there is nothing in the record of this case to suggest that Tirado's counsel came anywhere near the extraordinarily poor performance of Hummel's lawyer.

3. For the reasons described in the Report and Recommendation and in this Order, Tirado's petition for <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DENIED;

4. Tirado's request for appointment of counsel is DENIED;

5. Tirado's motion for discovery (included in docket entry # 1) is DENIED;

6. Tirado having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability; and

7. The Clerk of Court shall statistically CLOSE this case.

BY THE COURT:

<u>/s/ Stewart Dalzell, J.</u>